**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**SHAWN SATTERFIELD,**

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

Defendant.

CASE NO. 3:25 CV 2724

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Shawn Satterfield seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge James E. Grimes Jr. for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(1). Judge Grimes recommends this Court affirm the Commissioner's final decision. (Doc. 9). Plaintiff filed objections to the R&R (Doc. 10), and the Commissioner filed a response thereto (Doc. 11). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in January 2024, alleging a disability onset date of June 9, 2023. *See* Tr. 159. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on February 14, 2025, finding Plaintiff not disabled. (Tr. 17-29). This appeal ultimately followed. (Doc. 1).

Plaintiff raised three arguments regarding the ALJ's decision to the Magistrate Judge: (1) the ALJ did not properly evaluate the medical opinion evidence, (2) the ALJ did not properly

evaluate Plaintiff's subjective symptoms, and (3) the vocational expert's testimony did not provide substantial evidence to support the ALJ's decision. *See* Doc. 6.

In his R&R, Judge Grimes concluded (1) the ALJ properly considered and evaluated the opinions of Babatunde Onamusi and Nathan Schroeder and did not "play doctor" in doing so; (2) the ALJ appropriately considered Plaintiff's subjective symptoms, and (3) Plaintiff's challenge to the vocational expert testimony was without merit. (Doc. 9, at 15-27). He recommends the Court affirm the Commissioner's decision. *See id.*

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises two objections to the R&R directed at his first two original assignments of error as to the ALJ opinion.

Opinion Evidence

First, Plaintiff "reaffirms his contentions" of error pertaining to the ALJ's evaluation of the medical opinion evidence from Onamusi and Schroeder. (Doc. 10, at 2, 3). He "reaffirms his position that the ALJ impermissibly interpreted the clinical findings to find these opinions unsupported." *Id.*

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the original motion that were previously addressed by the magistrate judge, the Court may deem the objections waived. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* at 937 (emphasis added). The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

1. Neither party objects to Judge Grimes's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly summarized by Judge Grimes.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court finds Plaintiff's first objection falls into this category as it "merely restates the arguments previously presented" and "does nothing more than state a disagreement with [the Magistrate Judge's] suggested resolution." *VanDiver*, 304 F. Supp. 2d at 937. Moreover, upon review, the Court agrees with the R&R that the ALJ properly performed her duty pursuant to the regulations to evaluate the supportability and consistency of the opinion evidence and did not impermissibly "play doctor" in so doing. (Doc. 9, at 15-20). Plaintiff's first objection is overruled.

Second, Plaintiff "reaffirms his contentions that the ALJ improperly cherrypicked the record to discount [Plaintiff's] complaints of back pain." (Doc. 10, at 3). He also contends that "[a]s argued initially," the ALJ discussed only the positive aspects of the medical records and ignored negative findings. *Id.* at 4. He therefore "reaffirms his contentions that the ALJ's decision does not demonstrate proper consideration of the evidence." *Id.* Again, this "objection" merely restates previous arguments. Plaintiff does, however, specifically contend:

> The Magistrate contends that [Plaintiff] does not deny that substantial evidence supports the ALJ's analysis, but this is exactly [Plaintiff's] contention, as selective citation to the evidence undermines the substantial evidence supporting the ALJ's decision.

*Id.* Plaintiff's argument appears directed at this section of the R&R:

> Satterfield does not deny that substantial evidence supports the ALJ's analysis under SSR 16-3p. Instead, Satterfield cites various portions of the record that purportedly "shows findings supportive of . . . [his] complaints."

(Doc. 9, at 23) (quoting Doc. 6, at 14-15). Plaintiff contends the cherry-picking of the record itself, focusing only on positive findings demonstrates a lack of substantial evidence. (Doc. 10, at 3-4). True, the ALJ did not list every examination finding from every record. But the ALJ is not required to do so and can consider all the evidence without citing each individual piece. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006). And the Court finds the ALJ's summary of

the record is not so one-sided, as Plaintiff asserts, such that it indicates the ALJ ignored the evidence supporting greater restrictions. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) ("But we see little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence. [The plaintiff] has not persuasively shown that the ALJ erred in conducting this difficult task."). Plaintiff's second objection is therefore overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Grimes's R&R (Doc. 9) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2026